## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDALL D. ROGERS,

          Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,

          Agency.

DOCKET NUMBER
SF-0752-14-0006-I-1

DATE: October 16, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey G. Letts, Esquire, Trenton, New Jersey, for the appellant.

Ann P. Herchenrider, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the administrative judge's analysis regarding the appellant's constitutional due process claim, still finding that the appellant failed to establish a constitutional due process violation. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was a GS-14 Gateway Port and Intermodal Specialist with the Intermodal System Development Division, Maritime Administration. Initial Appeal File (IAF), Tab 6 at 19, 21 of 56. On July 26, 2013, the agency issued the appellant a notice of proposed removal based on the charge of conduct demonstrating untrustworthiness, with four specifications. IAF, Tab 6 at 49-54 of 56. As background to the charge, the proposing official stated that he had received a report that the appellant's attendance at his place of duty and hours of work were not consistent with agency requirements. *Id*. at 49 of 56. The proposing official stated that, based on this report, he directed an administrative inquiry that was conducted on April 24, 2013. *Id*. The proposing official stated that, after reviewing the administrative inquiry report, he determined that the appellant "engaged in an ongoing pattern and practice of egregious conduct" that served as the basis for the charge. *Id*.

¶3     Under specification (1) of the charge, the agency stated that the appellant failed to report to his official work station on a regular basis. *Id*. at 50 of 56. The agency stated that, instead, the appellant was working from home 3 to 4 days per week. *Id*. The agency further stated that the appellant failed to work within his assigned tour of duty from 7:00 a.m. to 3:30 p.m. *Id*.

¶4     Under specification (2), the agency specified that the appellant had abused the telework program. *Id*. The agency specified that, pursuant to a February 14, 2011 telework agreement that had been signed by the appellant, he only was allowed to telework every Wednesday. *Id*. The telework agreement also stated that the appellant was expected to be present at his official duty station every Monday, Tuesday, Thursday, and Friday of the work week. *Id*.

¶5     Under specification (3), the agency stated that the appellant failed to follow leave procedures and submitted inaccurate time and attendance (T&A) reports when: from April 15-17, 2013, he reported regular hours on his T&A while he was not in the office for his full tour of duty; from April 18-23, 2013, he worked at home without supervisory approval and inaccurately reported his time as regular time; and from April 1-24, 2013, he only logged onto his onsite computer on April 13, 2013, at 8:09 a.m. *Id*. The agency further specified that the appellant had worked in the office only 4 times in 17 weeks, and that when he did work in the office, he spent no more than a couple of hours there. *Id*. The agency also stated that he had failed to request leave for personal appointments for many years. *Id*. at 51 of 56.

¶6     Under specification (4), the agency stated that the appellant had claimed federal transit benefits in the amount of $1,770.00 per year, or $147.50 per month, for his commute. *Id*. The agency stated that the appellant had certified that he was using his federal government subsidy for his transportation to and from his duty station, but in fact he was not commuting to his duty station on a regular and full-time basis. *Id*. The agency stated that, pursuant to the transit benefits program, the appellant was required to adjust the cost benefit and only

receive benefits for the actual number of days he commuted between his home and duty station, and his failure to do so constituted a clear violation of this program. *Id.*

¶7 After providing the appellant with the opportunity to respond to the notice of proposed removal, the deciding official issued a decision letter sustaining the charge and finding that removal was the appropriate penalty. IAF, Tab 6 at 21-26 of 56. The appellant was removed effective September 17, 2013. *Id.* at 19 of 56.

¶8 The appellant filed an appeal of his removal. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 15, Initial Decision (ID) at 1, 15. The administrative judge found that the agency proved each of the four specifications underlying its charge of conduct demonstrating untrustworthiness and sustained the charge. ID at 5-9. In sustaining the four specifications, the administrative judge noted that the appellant: (1) admitted to the agency that he worked at home 3 to 4 days per week and did not work within his assigned tour of duty; (2) claimed he received higher-level authority in 2005 to work where and when he wanted but continued to sign telework contracts to the contrary after 2005, demonstrating that he was aware that he could only work at home on Wednesdays; (3) did not dispute specification (3); and (4) received transit benefits as if he were commuting 4 days a week, when in fact he was not. ID at 5-9. The administrative judge further found that the appellant failed to establish his constitutional due process claim. ID at 10-12. In addition, the administrative judge found that the agency established nexus and the penalty of removal was within the parameters of reasonableness. ID at 9, 12-14.

¶9 The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶10  On petition for review, the appellant contends that: (1) his constitutional due process rights were violated when the deciding official considered a comment from a stakeholder that the stakeholder had not heard from the appellant in a while; (2) the agency did not prove nexus because he was fulfilling his job duties and meeting performance expectations; and (3) the agency-imposed penalty exceeded the bounds of reasonableness.  PFR File, Tab 1 at 2-9.  As discussed below, the appellant's arguments on review fail to provide a basis for disturbing the initial decision.[2]

The appellant has failed to show that the agency violated his constitutional due process rights.

¶11  The appellant contends that the agency committed a constitutional due process violation because the deciding official considered a comment from a stakeholder that was not included in the notice of proposed removal.  PFR File, Tab 1 at 8-9.  Pursuant to the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed. *See Norris v. Securities & Exchange Commission*, 675 F.3d 1349, 1353-54 (Fed. Cir. 2012).

---

[2] The appellant does not contest the administrative judge's finding that the agency proved its charge of conduct demonstrating untrustworthiness and each of the four specifications underlying the charge.  In any event, we discern no basis for disturbing these well-reasoned findings on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12    Not all ex parte communications rise to the level of due process violations; rather, only ex parte communications which introduce new and material information to the deciding official are constitutionally infirm. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012). The question is whether the ex parte communication is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Ward*, 634 F.3d at 1279. The Board will consider the following factors, among others, to determine if an ex parte contact is constitutionally impermissible: (1) whether the ex parte communication merely introduces "cumulative" information or new information; (2) whether the employee knew of the information and had a chance to respond to it; and (3) whether the ex parte communication was of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Solis*, 117 M.S.P.R. 458, ¶ 8. A due process violation is not subject to the harmful error test; instead, the employee is automatically entitled to a new constitutionally-correct removal proceeding. *Ward*, 634 F.3d at 1279.

¶13    As noted by the administrative judge, the deciding official stated in his penalty analysis, when discussing the nature and seriousness of the offense, that key stakeholders had reported that contact with the appellant was infrequent and they had not seen him in years. ID at 11; IAF, Tab 6 at 22 of 56. In finding that this information regarding stakeholder reports was not cumulative, the administrative judge noted that the appellant was aware of it. ID at 11. However, the fact that the underlying information is known to the appellant does not determine whether it is cumulative. *See Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 13 (2011) (holding that it was improper for the deciding official to consider a prior 3-day suspension and other alleged past instances of misconduct because the agency failed to advise the appellant of these factors in the proposal notice). When an appellant is not aware that information was considered as an aggravating factor in determining the penalty and the

agency did not include the information in its proposal notice, then the information cannot be considered cumulative. *Gray v. Department of Defense*, 116 M.S.P.R. 461, ¶ 11 (2011).

¶14    Rather, we find that the deciding official's consideration of reports from key stakeholders regarding the appellant's absence did not deprive the appellant of due process because the proposal notice and the accompanying administrative inquiry report did, or should have, put him on notice that such information would be considered.  The specification section of the proposal notice quotes the appellant as stating that when not in the office, he was out meeting with stakeholders.  IAF, Tab 6 at 50 of 56.  The notices goes on to state that the Gateway offices "provide a local emphasis and a local face to support and help coordinate with the many private sector and government maritime stakeholders." *Id.* at 51.  Citing the appellant's job level and type of employment as an aggravating factor, the proposing official noted that the appellant's position "is heavily focused on contacts and interactions with the public and maritime industry and you are often the face and voice of the Agency for these stakeholders." *Id*. at 52.  Thus the proposal letter clearly put the appellant on notice that the lack of frequency of his contacts with stakeholders was at issue, both in terms of the charges as well as the penalty.  In addition, the administrative inquiry report, which was attached to the notice of proposed removal, explicitly referenced the stakeholders' reports when it stated that headquarters had received reports from stakeholders that the appellant's calls were infrequent and limited and that they had not seen him in years.  IAF, Tab 6 at 7, 9 of 195, 54 of 56.  As such, by citing the stakeholders' input as an aggravating factor, the deciding official did not rely on new information in concluding that removal was

reasonable. Accordingly, this case does not present a due process violation.[3] *See Ward*, 634 F.3d at 1279.

¶15 Even if an ex parte communication does not rise to the level of a due process violation, it may still constitute a procedural error. *See id*. at 1281. When there is an error in the application of the agency's procedures, the Board is required to conduct a harmful error analysis to determine whether the procedural error requires reversal. *See id*. Here, the appellant has failed to establish that the agency committed a procedural error in failing to explicitly reference the information on stakeholders' reports in the notice of proposed removal. To the extent the agency did commit a procedural error by failing to provide the appellant with such information, any such error was not harmful because it did not cause the agency to reach a different conclusion regarding the appellant's removal. *See* 5 C.F.R. § 1201.56(c)(3).

---

[3] To the extent the administrative judge found that the information regarding reports from key stakeholders referenced by the deciding official in the decision letter was not material, ID at 11, we disagree. In the initial decision, the administrative judge notes that this information did not result in undue pressure on the deciding official to rule in a particular manner. ID at 11. However, the Federal Circuit in *Ward* emphasized that whether the additional information was of the type likely to result in undue pressure upon the deciding official is only one of the several enumerated factors and is not the ultimate inquiry in the *Stone* analysis. *Ward*, 634 F.3d at 1280 n.2. The court recognized that "the lack of such undue pressure may be less relevant to determining when the ex parte communications deprived the employee of due process where . . . the [d]eciding [o]fficial admits that the ex parte communications influenced his penalty determination," making the "materiality of the ex parte communications . . . self-evident from the [d]eciding [o]fficial's admission." *Id*.

Therefore, while no clear evidence of undue pressure exists in the record, the deciding official's statement on the *Douglas* factors is evidence of the information's materiality regarding stakeholder reports in the deciding official's decision to remove the appellant. In any event, any such error on the administrative judge's part does not provide a basis for disturbing the initial decision because the administrative judge properly found that the agency did not deny the appellant constitutional due process. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The administrative judge properly found that the agency established nexus and that the penalty was within the parameters of reasonableness.</u>

¶16        In the absence of certain egregious misconduct that "speaks for itself," an agency may establish nexus by showing that the employee's conduct: (1) affected the employee's or his coworkers' job performance, (2) affected management's trust and confidence in the employee's job performance, or (3) interfered with or adversely affected the agency's mission.[4]  *Doe v. Department of Justice*, 103 M.S.P.R. 135, ¶ 7 (2006).   In this case, despite the appellant's successful performance, his misconduct caused his supervisors to lose trust and confidence in his ability to perform his job because he held a position involving a high degree of trust.  IAF, Tab 6 at 22-25 of 56.  Accordingly, we agree with the administrative judge's finding that the agency established a nexus between the sustained charge and the efficiency of the service.  ID at 9.

¶17        Moreover, the administrative judge correctly found that the penalty of removal did not exceed the bounds of reasonableness.  ID at 12, 14.  Where the Board sustains the charge and underlying specifications, it will defer to an agency's penalty decision unless the penalty exceeds the range of allowable punishment specified by statute or regulation or the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.  *Vaughn v. U.S. Postal Service*, 109 M.S.P.R. 469, ¶ 14 (2008), *aff'd*, 315 F. App'x 305 (Fed. Cir. 2009).  That is because the agency has primary discretion in maintaining employee discipline and efficiency.  *Id*.  The Board will not displace management's responsibility, but will instead ensure that managerial judgment has been properly exercised.  *Id*.

---

[4] "A nexus between the conduct and the efficiency of the service may be established by a preponderance of specific evidence or by a rebuttable presumption where the conduct is so egregious that it 'speaks for itself.'" *Dominguez v. Department of the Air Force*, 803 F.2d 680, 682-83 (Fed. Cir. 1986) (citing *Sanders v. U.S. Postal Service*, 801 F.2d 1328 (Fed. Cir. 1986)).

¶18     The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, the supervisor's confidence in the employee's ability to perform his assigned duties, and the consistency of the penalty with those imposed upon other employees for the same or similar offenses. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). The Board places primary importance upon the nature and seriousness of the offense, and its relation to the appellant's duties, position, and responsibilities. *Vaughn*, 109 M.S.P.R. 469, ¶ 15. Mitigation is appropriate only where the agency failed to weigh the relevant factors or the agency's judgment clearly exceeded the limits of reasonableness. *Id*., ¶ 16.

¶19     In deciding to remove the appellant, the deciding official considered the nature and seriousness of the appellant's misconduct, stating that he considered the misconduct to be intentional, egregious, and deceitful. IAF, Tab 6 at 22 of 56. The deciding official also considered the appellant's job level and duties as a Gateway Port and Intermodal Specialist, noting that the appellant was responsible for interfacing with the local industry and other stakeholders, and essentially serving as the face of the agency. *Id*.

¶20     The deciding official explained that, as a result of the appellant's misconduct, the agency had lost confidence in his trustworthiness and ability to carry out his assigned duties. *Id*. at 23 of 56. The deciding official also considered the consistency of the penalty with those imposed on other employees for the same or similar offenses. *Id*. In this regard, the deciding official stated that he was aware of only one other incident of a similar scope and nature and that in that instance the employee also was removed. *Id*. The deciding official considered the consistency of the penalty with the agency's table of penalties and explained that the penalty for a charge of conduct demonstrating untrustworthiness ranges from a reprimand to a removal for a first offense. *Id*.

¶21		Next, the deciding official considered the clarity with which the appellant was on notice of any rules that were violated in committing the offense. *Id*. The deciding official stated that the appellant had to be cognizant of the fact that what he was doing was wrong, as evidenced by his efforts to conceal his failure to report to his official duty station. *Id*. The deciding official noted that the appellant had completed a mandatory transit benefits awareness program, which put him on notice that the transit benefit was to be used to cover his transportation to and from work. *Id*. The deciding official further noted that the appellant's official telework agreement documented the expectation that he be present at his official duty station on all work days except for Wednesday. *Id*.

¶22		The deciding official considered the appellant's potential for rehabilitation and determined that there was no real potential for rehabilitation. *Id*. at 24 of 56. The deciding official also considered relevant mitigating factors, such as the appellant's 21 years of prior service with the federal government and lack of a disciplinary record but found that the seriousness of the charge outweighed any of these factors. *Id*.

¶23		Based on the foregoing, we find that the deciding official appropriately considered the relevant *Douglas* factors. We also find that, under the circumstances in this case, removal was a reasonable penalty for the sustained misconduct. As noted by the administrative judge, the agency's loss of trust and confidence in the appellant was a significant aggravating factor. *See Talavera v. Agency for International Development*, 104 M.S.P.R. 445, ¶ 12 (2007) (sustaining the appellant's removal based on the charges of misrepresenting a material fact and providing false information to a supervisor). The Board has previously upheld an agency's removal action where an appellant has falsely claimed payments. *See, e.g.*, *Seibert v. Department of the Treasury*, 41 M.S.P.R. 133, 138 (1989) (removal was reasonable for making false claims for emergency salary payments, even though the employee notified the agency of his wrongdoing on

his own volition). Based on the foregoing, we conclude that the administrative judge properly sustained the agency's action.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

     If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.