NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3008

LYNN M. VAUGHN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Lynn M. Vaughn, of Atlanta, Georgia, pro se.

James P. Connor, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel was Devin A. Wolak, Trial Attorney.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3008

LYNN M. VAUGHN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070971-I-1.

_____

DECIDED:  March 13, 2009

_____

Before GAJARSA, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Lynn M. Vaughn appeals from a decision of the Merit Systems Protection Board, Vaughn v. U.S. Postal Service, 109 M.S.P.R. 469 (2008), sustaining her reduction in grade and pay.  We affirm.

BACKGROUND

Ms. Vaughn served as the EAS-20 Manager, Customer Services at the Glenridge Post Office in Atlanta, Georgia.  On April 26, 2007, Charles Gracek, Manager, Customer Service Operations, Atlanta, Georgia Post Office, proposed demoting Ms. Vaughn to the

EAS-17 position of Supervisor, Customer Services, based on a charge of failure to perform her duties in an effective manner. Gracek alleged that on several occasions, Ms. Vaughn failed to provide information to the union steward or to schedule "Formal A meetings" in the grievance process, as is required by the Collective Bargaining Agreement. As a result of this failure, the grievances were taken to a higher level ("Step B") without management documentation and responses, ultimately leading to decisions and awards totaling nearly $28,000 in the union's favor. The Step B decisions acknowledged Ms. Vaughn's failure to provide the appropriate information, and admonished her to provide such information in the future. In addition, Ms. Vaughn received several letters of warning from Mr. Gracek, outlining Ms. Vaughn's performance deficiencies and ordering her to rectify the violations. On December 20, 2007, Kevin Helmer, Postmaster, Atlanta, Georgia, issued a revised letter of decision sustaining the proposal and reducing the appellant in grade and pay for failing to perform her duties in a satisfactory manner, and informed her that she would be reassigned to the position of EAS-17 Supervisor, Customer Services, Martech Station, Atlanta, Georgia, effective December 22, 2007. Ms. Vaughn then appealed the decision to the Board's Atlanta Regional Office.

At the Board's Regional Office, Ms. Vaughn withdrew her request for a hearing. The administrative judge ("AJ") then reversed the demotion based on the written record, holding that the evidence of ineffective performance was hearsay, conclusory in nature, and insufficient to sustain a charge of ineffective performance. The agency filed a petition for review with the Board, which reversed the decision of the AJ. Vaughn, 109 M.S.P.R. at 479. The Board held that the AJ erred in finding that the Step B decisions

were not sufficiently probative to support the charge, and reversed his decision. Ms. Vaughn then timely filed this appeal. On appeal, Ms. Vaughn challenges the Board's decision to sustain her demotion.

## DISCUSSION

Decisions of the Board must be affirmed unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Dickey v. OPM, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (outlining this court's standard of review).

Ms. Vaughn argues that the evidence was not sufficient to sustain the charge. The Board's determination in fact is supported by substantial evidence. Ms. Vaughn also argues that the Board erred in failing to consider her penalty argument, namely that the severe understaffing at the Glenridge Post Office excused her actions. We disagree. It is well settled that a penalty's reasonableness should be assessed under the 12 factors set forth in Douglas v. Veterans Administration, one of which is mitigating circumstances. 5 M.S.P.R. 280 (1981). See, e.g., Webster v. Department of the Army, 911 F.2d 679, 686 (Fed. Cir. 1990). Ms. Vaughn argued to the Board that her failure to perform her duties was due to understaffing and the resulting need for her to perform the work of her subordinates, thus rendering it impossible for her to complete all of her work. The Board concluded that "the alleged understaffing at the Glenridge Post Office [is] insufficient to warrant mitigating the penalty." Vaughn, 109 M.S.P.R. at 478-79. Because the Board properly considered this mitigating factor and found that it did not

mandate a lesser penalty, we find no abuse of discretion in the Board's decision. Therefore, the decision of the Board is affirmed.

No costs.