UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

TYRONE M. CARR,
                    Appellant,

            v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                    Agency.

DOCKET NUMBER
CH-0752-13-1561-I-1

DATE: September 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William A. Jaeger, Esquire, Chicago, Illinois, for the appellant.

Timothy B. Morgan, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The agency removed the appellant from his position as a File Clerk based upon charges of solicitation of funds from a veteran beneficiary, threatening a veteran beneficiary, abusing a veteran patient beneficiary, and conduct unbecoming a federal employee.  Initial Appeal File (IAF), Tab 3, Subtabs 4a, 4c.  The agency charged that the appellant had solicited money from the alleged victim in exchange for assisting the victim with his benefits claim, and that the appellant referenced his status as a "gang chief" in order to intimidate the alleged victim.  *Id*., Subtab 4c.  The appellant appealed his removal, alleging that he should not have been removed based solely on hearsay evidence from one person (i.e., the alleged victim).  IAF, Tab 1.  After holding a hearing, the administrative judge reversed the appellant's removal, finding that the agency based the appellant's removal almost entirely on uncorroborated hearsay, and that based upon the hearsay and non-hearsay evidence, the agency had not proven any of its four charges by preponderant evidence.  IAF, Tab 27, Initial Decision (ID) at 14.

¶3 The agency has petitioned for review, challenging both the administrative judge's credibility determinations and the weight that she accorded to the witnesses' testimony. Petition for Review (PFR) File, Tab 3 at 11-22. Additionally, the agency argues that the administrative judge did not properly analyze hearsay evidence, and that she mischaracterized text message and voicemail evidence as hearsay. *Id*. at 14, 18-20. Finally, the agency challenges several of the administrative judge's factual conclusions and procedural rulings. *Id*. at 12-15. The appellant has responded in opposition to the petition for review. PFR File, Tab 11.

¶4 The Board will sustain an agency's charge only if it is supported by a preponderance of the evidence. *Jordan v. Department of the Treasury*, 102 M.S.P.R. 390, ¶ 7 (2006). A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

¶5 At the hearing, agency witnesses, including the detective, the special agent, the social worker, the social worker's supervisor, and the deciding official, testified based upon hearsay from the alleged victim. Hearing Transcript at 8-197. The record also contains a two-sentence statement from the alleged victim. IAF, Tab 3, Subtab 4d at 11. The Board may find that hearsay evidence is sufficient to sustain an adverse action charge. *Vaughn v. U.S. Postal Service*, 109 M.S.P.R. 469, ¶ 9 (2008), *aff'd*, 315 F. App'x 305 (Fed. Cir. 2009). However, when an agency relies on hearsay evidence to support its action, the administrative judge must first determine whether such evidence has significant probative value according to the circumstances of the case. *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 12 (2009). If so, the administrative judge must then determine whether the value of that hearsay evidence is outweighed by the other evidence of record, including the appellant's submissions. *Id*.

¶6    The following factors may be included in considering the probative value of this hearsay evidence: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether the declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; and (8) the credibility of the declarant when he made the statement attributed to him. *Vaughn*, 109 M.S.P.R. 469, ¶ 9. The administrative judge focused primarily on the last factor, finding that the alleged victim was not a credible declarant due to his history of substance abuse and mental illness. ID at 12, 14. With respect to the first factor regarding the availability of persons with firsthand knowledge to testify at the hearing, the administrative judge considered the unavailability of the alleged victim due to the fact that the agency lost contact with him. However, she found that the agency should have supported its case by contacting other agency patients who, according to testimony regarding statements by the alleged victim, knew of the appellant's gang affiliation and may have corroborated the statements of the alleged victim. ID at 12.

¶7    As to the second and third factors concerning out-of-court statements, the agency obtained a signed and witnessed statement from the alleged victim. IAF, Tab 3, Subtab 4d at 11-12. However, the administrative judge noted that this was the only written statement from the alleged victim and it was only two sentences long. She did not find that this statement was particularly credible and did not accord great weight to the statement. ID at 8. Concerning the sixth factor, the administrative judge concluded that corroboration for the alleged victim's statements could not otherwise be found in the agency record. She found that

testimony about the text message and voicemail messages did not corroborate the alleged victim's claims because she found that the messages were not of a threatening nature and were not as frequent as claimed by the alleged victim.  ID at 11.  She also considered the fact that the appellant had not accessed the alleged victim's benefits file as supportive of a finding that the appellant had not asked the victim for money in exchange for assistance with his benefits claim.  ID at 12.  Regarding the seventh factor concerning contradictory evidence, the administrative judge considered that the hearsay evidence was inconsistent with the testimony of the appellant and other witnesses.  She gave less weight to the hearsay evidence and instead found that the appellant and the alleged victim had an amicable relationship.  ID at 10-11.  Considering this analysis, we reject the agency's argument that the administrative judge did not properly assess the hearsay evidence.  We agree with the administrative judge's finding that the hearsay evidence in this case was outweighed by the other evidence of record.[2]

¶8        We also see no reason to disturb the administrative judge's credibility determinations.  The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The administrative judge found that all of the witnesses were credible.  ID at 6.  However, in particular, the administrative judge found that the appellant was credible when he testified about his *former* gang involvement and his attempts to

---

[2] Although the agency argued that the detective's testimony concerning a text message and voicemail messages did not constitute hearsay, PFR File, Tab 3 at 13, we agree with the administrative judge's ruling that this was indeed hearsay, *see Taylor v. U.S. Postal Service*, 75 M.S.P.R. 322, 325 (1997) (citing Fed. R. Evid. 801(c), which defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

assist the alleged victim as opposed to threaten him and solicit funds. ID at 13. The administrative judge also found that the testimony of other witnesses, including the appellant's coworkers, was credible. ID at 9-11. We find no reason to disturb the administrative judge's findings.

¶9    The agency has argued that the administrative judge erred by failing to fully consider the testimony and statements of the agency clinical staff. PFR File, Tab 3 at 21. We disagree. The administrative judge did indeed consider the testimony of the clinical staff. ID at 8-9. Additionally, the administrative judge is not required to fully address all of the evidence of record in her decision and her failure to discuss evidence does not mean that she did not consider it. *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 14 (2014). We have considered the agency's remaining arguments. PFR File, Tab 3. However, these arguments present no basis for disturbing the initial decision. The administrative judge properly found that the agency failed to prove its charges and properly reversed the removal action.[3]

## ORDER

¶10    We ORDER the agency to cancel the removal and to retroactively restore the appellant effective June 30, 2013. *See Kerr v. National Endowment for the*

---

[3] The appellant has filed a petition for enforcement concerning interim relief in this case, stating that he has not yet received his salary and benefits as was required by the administrative judge's order. Compliance File (CF), Tab 1. The agency responded that the appellant would soon be reinstated to a nonduty pay status retroactive to the administrative judge's decision. CF, Tab 5. We find that this compliance issue is moot. The agency must instead comply with the order contained herein. *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶¶ 6-8 (2014) (the Board did not exercise its discretion to dismiss the agency's petition for review due to the agency's failure to comply with the interim relief order by not reinstating the appellant on an interim basis because the agency had provided the appellant with compensation and benefits since the date of the initial decision and because the issue of the agency's compliance with the interim relief order was moot by virtue of the Board's final decision ordering the appellant reinstated to employment).

*Arts*, [726 F.2d 730](#) (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶11 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* [5 C.F.R. § 1201.181](#)(b).

¶13 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. [5 C.F.R. § 1201.182](#)(a).

¶14 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the

Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.