# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JERALD D. WILLIAMS,
                    Appellant,

                    v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                    Agency.

DOCKET NUMBER
DE-0752-14-0446-I-1

DATE: September 21, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clyde A. Christian, Esquire, Omaha, Nebraska, for the appellant.

Paul L. Pullum, Esquire, Omaha, Nebraska, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we MODIFY the administrative judge's penalty analysis to address the appellant's argument that he was provoked into committing the misconduct at issue. *Infra* ¶¶ 8-9. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2 The appellant was a WG-05 Motor Vehicle Operator for the agency, detailed to a position in Volunteer Services. Initial Appeal File (IAF), Tab 4 at 8, 67, Tab 10 at 4. Effective September 28, 2012, the agency removed the appellant based on one charge of disruptive behavior (two specifications) and one charge of failure to follow supervisory instructions (one specification). IAF, Tab 4 at 67, 71-72, 82-83. In charge 1, specification 1, the agency alleged that the appellant confronted an agency Associate Director in a loud, profane, and aggressive manner and had to be escorted from the facility by agency police. *Id*. at 82. In charge 1, specification 2, the agency alleged that, the next day, the appellant telephoned an agency equal employment opportunity (EEO) investigator regarding the incident and suggested that he might kill someone at work. *Id*. In charge 2, the agency alleged that the appellant failed to report to a meeting with his supervisor as instructed to discuss his recent misconduct. *Id*. at 82, 92.

¶3 The appellant filed a mixed-case EEO complaint concerning his removal. *Id*. at 53-61. When the agency returned a finding of no discrimination, the

appellant filed the instant Board appeal. IAF, Tab 1 at 1-2, Tab 4 at 29-40. After a hearing, the administrative judge issued an initial decision affirming the removal. IAF, Tab 17, Initial Decision (ID) at 1-2, 23. The administrative judge sustained all charges and specifications. ID at 4-12. He found that the appellant failed to prove his affirmative defenses of due process violation, disability discrimination, race discrimination, and retaliation for EEO activity, ID at 13-20, that the agency established a nexus between the misconduct and the efficiency of the service, ID at 20-21, and that there was no basis to mitigate the removal penalty, ID at 21-23.

¶4    The appellant has filed a petition for review, disputing charge 1, specification 1, and arguing that his misconduct was instigated by the Assistant Chief of Volunteer Services.[2] Petition for Review (PFR) File, Tab 3. The agency has filed a response.

¶5    On petition for review, the appellant does not challenge the administrative judge's findings on charge 1, specification 2 or on charge 2. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved these by preponderant evidence. ID at 9-12. This is sufficient to sustain both charges. *See Stein v. U.S. Postal Service*, 57 M.S.P.R. 434, 438 (1993) (proof of only one specification supporting a charge is sufficient to sustain the charge). Nor does the appellant challenge the administrative judge's findings on his affirmative defenses. For the reasons explained in the initial decision, we

---

[2] The appellant filed both his petition for review with the Board and a request for review with the Equal Employment Opportunity Commission (EEOC) on May 27, 2015. PFR File, Tab 1 at 3, Tab 6 at 2-4. The EEOC subsequently requested the case file from the Board. PFR File, Tab 6 at 1. Because the initial decision had not become final on the date that the appellant filed with the EEOC, the initial decision was not ripe for EEOC review. *See* 5 U.S.C. § 7701(a)(1), (b)(1). We therefore find that the appellant elected to petition the Board, rather than the EEOC, for review of the initial decision. If the appellant wishes to seek EEOC review of this Final Order, his further review rights are set forth below.

agree with the administrative judge that the appellant did not prove his affirmative defenses. ID at 13-20.

¶6        The appellant does, however, challenge the administrative judge's findings on charge 1, specification 1. PFR File, Tab 3 at 2. The administrative judge sustained this specification, finding that the appellant was confrontational with the Associate Director, stood inappropriately close to her, spoke to her in a raised voice, and called her a derogatory term  ID at 9. The administrative judge further found that the appellant's conduct disrupted work in the office for hours or even days and that there was no legitimate purpose for it. *Id*. The appellant argues on review that he did not insult the Associate Director, but instead asked her why he "can be called [two derogatory terms]" by the Assistant Chief without anything being done about it. PFR File, Tab 3 at 2. He alleges that the purpose of the confrontation was to find out what the agency was going to do about the hostile work environment. *Id*.

¶7        We have considered the appellant's argument, but we find that it provides no basis to disturb the administrative judge's findings. The administrative judge considered the appellant's version of events, but he credited the testimony and written statements of two witnesses who stated that they heard the appellant call the Associate Director a derogatory term. ID at 7, 9. We find that the appellant's argument on review constitutes mere disagreement with the administrative judge's findings and credibility determinations. *See Weaver v. Department of the Navy*, [2 M.S.P.R. 129](#), 133-34 (1980). The appellant's version of events is improbable because the Assistant Chief's note, a copy of which is in the file, contains one derogatory term but not the other referenced by the appellant. IAF, Tab 4 at 135-37. Therefore, we find it unlikely that the appellant would complain about being called both as he asserts. Moreover, even if the appellant did not direct that word toward the Associate Director, his conduct as a whole—standing very close to the Associate Director and speaking to her in a loud and confrontational manner—would still have been inappropriate. ID at 9. Although

the appellant appears to argue that there was a legitimate purpose to his conduct, i.e., to get the agency to do something about what he perceived to be a hostile work environment, PFR File, Tab 3 at 2, we agree with the administrative judge that the manner in which the appellant went about this cannot be excused, ID at 9. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved charge 1, specification 1.

¶8     The appellant also appears to challenge the penalty determination, arguing that the Board should consider the events leading up to his confrontation with the Associate Director. He argues that the confrontation arose because he was upset by the Assistant Chief's demeaning comments to him, as well as a note by her that he found, which read as follows:

> Having [the appellant] in this office is going to be a waste of my time . . . . The [deleted] doesn't do a thing and refuses to try to learn anything. So in a nutshell I'm going to be doing [double] the work checking everything he does.

PFR File, Tab 3 at 2-3; IAF, Tab 4 at 135-37. We agree with the appellant that this note was provoking and was therefore a mitigating factor that must figure into the Board's penalty analysis. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (in assessing the appropriateness of a penalty, the Board will consider, among other things, whether there are mitigating circumstances present, such as provocation by others involved in the matter). Although the appellant raised the note in his response to the proposed removal, the deciding official did not consider it as a mitigating factor. IAF, Tab 4 at 71, 74, 76. Similarly, the administrative judge referenced the note, but failed to consider it as a mitigating factor. ID at 8-9, 21-23.

¶9     Nevertheless, even considering this mitigating factor, we find that the removal penalty was still within the tolerable limits of reasonableness. *See Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 21 (2008) (observing that the Board may mitigate a penalty where the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors; however, it may

impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors). In particular, we find that the Assistant Chief's provocation was no excuse for the appellant calling the EEO investigator the following day, after he had time to cool off, and tell her that he might kill some of his coworkers. Importantly, we agree with the deciding official and the administrative judge that the appellant's offenses were very serious, particularly the misconduct underlying charge 1. ID at 9, 22-23; *see Vaughn v. U.S. Postal Service*, 109 M.S.P.R. 469, ¶ 15 (2008) (in evaluating whether a penalty is reasonable, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities), *aff'd*, 315 F. App'x 305 (Fed. Cir. 2009). Although the Assistant Chief's inappropriate remarks might provide an explanation for the appellant's behavior, they do little to excuse it.

¶10 The appellant also points out that, although he has been removed, the Assistant Chief has not faced similar consequences for her inappropriate remarks. PFR File, Tab 3 at 2-3. However, the Board lacks the authority to order discipline against her in the context of this appeal. To the extent that the appellant is arguing that the agency subjected him to a disparate penalty, we find that the Assistant Chief is not similarly situated to the appellant because her misconduct was not similar to his. *See Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 6 (2010) (to establish disparate penalties, the appellant must, among other things, show that the comparison employee engaged in substantially similar misconduct). For these reasons, and the reasons explained in the initial decision, we agree with the administrative judge that the removal penalty should be sustained. ID at 21-23.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with

the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                      _____

                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.