# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYNTHIA BROWN,<br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　　Agency. | DOCKET NUMBER<br>CH-844E-16-0273-I-1<br><br><br>DATE: June 13, 2022 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Cynthia Brown</u>, Chicago, Illinois, pro se.

<u>Linnette L. Scott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed a January 28, 2016 reconsideration decision issued by the Office of Personnel Management (OPM) denying as untimely filed her application for disability retirement benefits under the Federal Employees' Retirement System

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(FERS). For the reasons set forth herein, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the matter to OPM for the issuance of a new reconsideration decision on the merits of the appellant's disability retirement application.

## BACKGROUND

¶2 It is undisputed that, on November 9, 2011, the appellant resigned from her position with the Department of the Treasury. Initial Appeal File (IAF), Tab 1 at 7-8, Tab 4 at 4, 115. According to the appellant, she signed, dated, and mailed a portion of her disability retirement application, i.e., the Standard Form 3112C (SF-3112C), via regular U.S. mail on October 18, 2012. IAF, Tab 1 at 4, 8, Tab 4 at 57, Tab 21, Hearing Record (HR) (testimony of the appellant). OPM claimed to have received the appellant's partial application on December 18, 2012, and ultimately issued a reconsideration decision disallowing the appellant's application on the basis that it was not timely filed within 1 year of her separation. IAF, Tab 4 at 4-5, Tab 14 at 4, Tab 19 at 5.

¶3 The appellant filed a Board appeal, claiming that she timely filed her application with OPM, and, in any case, that the filing deadline should be waived due to her mental incompetence. IAF, Tab 1 at 4, 8, Tab 7 at 1-2, Tab 13 at 2-3. After a telephonic evidentiary hearing, the administrative judge reasoned that, although the appellant had "confidently" testified that she had signed and mailed her SF-3112C on October 18, 2012, and presented the testimony of two "credible" corroborating witnesses, i.e., her sister and a friend, it was "dubious that either the appellant or her witnesses could truly recall such a seemingly unremarkable date or event nearly four years after the fact." IAF, Tab 22, Initial Decision (ID) at 2, 6. Accordingly, he found that the appellant failed to show by preponderant evidence that she had timely filed her application for disability benefits. ID at 6. He also concluded that the appellant had failed to show that she was entitled to a waiver of the filing deadline on the basis of mental incompetence. ID at 7-8. The

appellant has filed a petition for review, which OPM has opposed. Petition for Review File, Tabs 1, 3.

## ANALYSIS

¶4 An application for disability retirement under FERS must be filed with an employee's employing agency before the employee separates from service or with the former employing agency or OPM within 1 year after the employee's separation. 5 U.S.C. § 8453; 5 C.F.R. § 844.201(a)(1). For purposes of the filing deadline, OPM accepts applications that are "incompletely executed or submitted in a letter or other form not prescribed by OPM."[2] 5 C.F.R. § 844.201(a)(3). The deadline may be waived if the employee is mentally incompetent on the date of separation or within 1 year thereafter and the application is filed with OPM within 1 year from the date the employee is restored to competency or is appointed a fiduciary, whichever is earlier. 5 U.S.C. § 8453; 5 C.F.R. § 844.201(a)(4). The appellant has the burden of proving, by preponderant evidence,[3] that she either timely filed or has a right to have the deadline waived. 5 C.F.R. § 1201.56(b)(2)(ii).

¶5 Here, the only evidence in the record indicating that the appellant did not timely mail her application was a copy of the SF-3112C, which contained what appeared to be two stamps in the lower-right hand corner of the document indicating that OPM received the form on December 18, 2012.[4] IAF, Tab 4 at 57. Because the date stamp(s) were out-of-court statements used to prove the truth of the matter asserted, they constituted hearsay evidence. *See United States ex rel.*

---

[2] Additionally, an application mailed to OPM with no legible postmark date is presumed to have been mailed 5 days before its receipt, excluding days on which OPM is closed for business. 5 C.F.R. § 844.201(a)(2).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] OPM did not provide a copy of the envelope in which the form was mailed, which presumably would have contained a postmark.

*Davis v. District of Columbia*, 34 F. Supp. 3d 30, 39 (D.D.C. 2014), *rev'd on other grounds*, 793 F.3d 120 (D.C. Cir. 2015). Under Federal Rule of Evidence 803(6), a business record, such as the date stamp, is admissible hearsay when, among other things, a custodian or other qualified witness testifies as to the procedures by which the record is typically made.[5] *Id.* Here, however, OPM produced no such custodian to describe its procedure for date stamping applications received via U.S. mail.

¶6        The appellant, by contrast, "confidently" testified that she both signed and mailed her SF-3112C on October 18, 2012. ID at 6; HR (testimony of the appellant). She also presented the testimony of two "credible" witnesses who both testified that the appellant informed them that she had mailed a retirement form on or about October 18, 2012. ID at 2, 6; HR (testimony of D.B. and O.D.). Moreover, the appellant testified that she believed that OPM could not have received her application in the mail on December 18, 2012, because she had undergone surgery on December 2, 2012, and "would not have been in a position to mail any forms or do any day-to-day business during that time." HR (testimony of the appellant). Medical documentation in the agency's file

---

[5] Although the Board uses the Federal Rules of Evidence as nonbinding guidance, *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 13 n.4 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018), hearsay is admissible in Board proceedings, *Vaughn v. U.S. Postal Service*, 109 M.S.P.R. 469, ¶ 8 (2008), *aff'd*, 315 F. App'x 305 (Fed. Cir. 2009). The determination of whether hearsay evidence is sufficient to prove the truth of a contention depends upon the evidence's reliability and trustworthiness, which is evaluated pursuant to the factors set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981). *Vaughn*, 109 M.S.P.R. 469, ¶ 9. Those factors are the following: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for the statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; and (8) credibility of declarant when he made the statement attributed to him. *Id.* (citing *Borninkhof*, 5 M.S.P.R. at 87).

substantiated that the appellant underwent surgery on December 2, 2012. *E.g.*, IAF, Tab 4 at 8. The record also contained an unsworn written statement from the appellant's friend dated June 27, 2016, which similarly indicated that, following her December 2, 2012 surgery, the appellant was "in a recuperative period for several months and was totally immobile to have handled any business matters." IAF, Tab 18 at 6 (grammar as in original).

¶7    Although both parties relied, at least in part, on hearsay evidence, we find the appellant's evidence more probative regarding the timeliness issue. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-84 (1981) (stating that the probative value of hearsay evidence necessarily depends on the circumstances of each case). To this end, the appellant consistently maintained that she submitted her application for disability retirement to OPM within 1 year of her November 9, 2011 separation from service; indeed, the record contained a November 12, 2013 letter written to an OPM employee wherein the appellant averred that her "request [for disability retirement] was submitted within a year of [her] separation." IAF, Tab 4 at 55. The partial application the appellant testified she mailed reflects her signature and a date of October 18, 2012. *Id.* at 36. Moreover, the appellant presented corroborating evidence. To this end, the appellant's friend specifically testified that she was able to recall that the appellant had informed her that she mailed a retirement form in October 2012, because she had lent the appellant money around this same time, which the appellant had presumably used to mail her application.[6] HR (testimony of O.D.).

---

[6] Although the administrative judge's found the appellant's friend "credible," he also found her testimony regarding specifically recalling the appellant telling her about mailing her application in October 2012, "dubious." ID at 6. These two conclusions are difficult to reconcile. In any event, the Board may overturn demeanor-based credibility determinations when, as here, the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *See Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008).

Thus, we find that the weight of the evidence established that, more likely than not, the appellant mailed her application on October 18, 2012.

¶8      Accordingly, we find that the appellant showed by preponderant evidence that she timely submitted her application for disability retirement less than 1 year after her November 9, 2011 separation from service and, therefore, that her application was timely filed.[7] *See* 5 C.F.R. § 844.201(a)(3).

## ORDER

¶9      For the reasons discussed above, we remand this case to OPM. On remand, OPM shall issue a determination on the merits of the appellant's FERS disability retirement application. OPM shall issue the new reconsideration decision within 60 calendar days from the date of this Remand Order and shall advise the appellant of her right to file an appeal with the Board's Central Regional Office if she disagrees with that new decision. *See Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, 424 (2001).

¶10      We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶11      No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the

---

[7] Because we so find, the appellant's mental competence is not material to the outcome of this appeal.

Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).


FOR THE BOARD:                                     /s/ for
                                                   Jennifer Everling
                                                   Acting Clerk of the Board
Washington, D.C.