UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

AMATULLAH R. MUHAMMAD,
                    Appellant,

            v.

DEPARTMENT OF HOMELAND
        SECURITY,
                    Agency.

DOCKET NUMBER
AT-0752-16-0777-I-1

DATE: May 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Esquire, Atlanta, Georgia, for the appellant.

Kenneth William, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal from the agency for improper conduct and lack of candor and found that she did not meet her burden of proving the affirmative defense of race discrimination.  Generally, we grant petitions such as this one only in the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant worked for the agency as a GS-11 Immigration Services Officer. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 33. In this position, the appellant was responsible for granting or denying applications and petitions for immigration benefits, some decisions which determined whether immigrants were permitted to legally remain in the country. IAF, Tab 9 at 16.

¶3    Effective July 29, 2016, the agency removed the appellant for three specifications of improper conduct stemming from an April 17, 2014 lunchtime incident at a Quiznos and three specifications of lack of candor relating to the appellant's sworn interview with the agency's Office of Security and Integrity (OSI) regarding the April 17, 2014 incident. IAF, Tab 6 at 33, 35-39.

¶4    The appellant appealed her removal to the Board and withdrew her hearing request. IAF, Tab 1, Tab 28 at 4. After thoroughly considering the evidence, including statements and affidavits from the appellant, the two co-owners of the Quiznos, the police officer who responded to the incident, a state victim's advocate, and a local assistant state's attorney, along with a recording from the restaurant's security camera, the administrative judge sustained all three improper

conduct specifications and two specifications of the lack of candor charge. IAF, Tab 40, Initial Decision (ID) at 1-10. The administrative judge found a nexus between the sustained charges and the efficiency of the service, that the removal penalty was reasonable, and that the appellant failed to prove her affirmative defense of race discrimination.[2] ID at 10-15.

¶5    On review, the appellant argues that the evidence was not justly and impartially considered, that the Quiznos co-owners fabricated their version of events, and that the administrative judge failed to consider that some of the statements against her were later recanted. Petition for Review (PFR) File, Tab 1 at 2-3. We agree with the administrative judge's well-reasoned findings and discern no reason to disturb them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings in the initial decision when she considered the evidence, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6    The appellant also argues that the administrative judge relied on hearsay evidence. PFR File, Tab 1 at 2-3, Tab 6 at 2. It is well settled that hearsay evidence is admissible in Board proceedings and can be sufficient to sustain a charge. *Vaughn v. U.S. Postal Service*, 109 M.S.P.R. 469, ¶ 9 (2008), *aff'd*,

---

[2] Although the administrative judge categorized the evidence as direct and indirect in analyzing the appellant's race discrimination affirmative defense, we find that she did not disregard any evidence on that basis and that she considered the evidence as a whole. ID at 12-15; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016) (clarifying how the Board analyzes evidence offered in support of a Title VII claim), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. Therefore, any error in the analysis was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Because the appellant has offered no basis for disturbing the administrative judge's finding that the appellant did not prove her race was a motivating factor in the agency's removal decision, ID at 14-15, we do not reach the question of whether discrimination was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 22, 48.

315 F. App'x 305 (Fed. Cir. 2009). In the initial decision, the administrative judge properly considered the relevant factors for assessing the probative value of hearsay evidence. ID at 6-7; *see Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981). The appellant also argues that the *Douglas* factors were not properly weighed, but the administrative judge found that the agency's "deciding official properly and thoroughly considered all of the relevant *Douglas* factors."[3] ID at 11-12. Nothing on review causes us to stray from this conclusion.

¶7      The appellant further asserts on review that the agency improperly delayed a year and a half before initiating its investigation into the Quiznos incident, but the evidence of record does not support such a claim. PFR File, Tab 1 at 4; IAF, Tab 10 at 8-10. Many of the sworn written and verbal statements that the agency relied on to support its removal action against the appellant were made in April through July 2014. IAF, Tab 7 at 41; Tab 8 at 4; Tab 10 at 18-26, 34, 46, 52, 54. The agency conducted an investigatory interview of the appellant in June 2015, after the State of Vermont dismissed the criminal charges. IAF, Tab 10 at 59, Tab 11 at 10. The appellant's argument does not diminish the strength of the agency's evidence proving that she engaged in the charged misconduct. Although we have recognized that a charge may be dismissed if an agency's delay in proposing the adverse action is unreasonable and prejudicial to the appellant, such circumstances do not exist in this appeal. *Messersmith v. General Services Administration*, 9 M.S.P.R. 150, 155-56 (1981) (holding that the delay between the misconduct and the agency issuing the proposal was not a reason to overturn the action, as the delay was caused by the seriousness of the charges, the corresponding investigation, involvement of the U.S. Attorney, and the appellant did not identify any prejudicial harm from the delay).

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in a disciplinary action.

¶8    In her petition for review, the appellant claims that the local police department wrongfully arrested her for the Quiznos incident and did not "Mirandize" her. PFR File, Tab 1 at 3-4. The appellant then argues that the criminal charges were dropped and her record expunged, along with what appears to be a claim that she was subjected to double jeopardy through her removal. PFR File, Tab 1 at 3-5, Tab 6 at 1. The agency did not use any of the statements that the appellant made to the local police as a basis to remove her. IAF, Tab 9 at 14−16. The agency was aware that the State of Vermont dismissed the criminal charges against the appellant before issuing the proposed removal. IAF, Tab 10 at 59. As is the case here, when an appellant's removal from an agency is based on her conduct, rather than her arrest and subsequent charges, the administrative action is not impacted by court action. *Zimmerman v. Department of Health and Human Services*, 19 M.S.P.R. 454, 456 (1984). Moreover, the constitutional prohibition against double jeopardy applies to criminal proceedings and is not applicable here. *Lemal v. U.S. Postal Service*, 79 M.S.P.R. 241, 243 (1998).

¶9    On review, the appellant claims that she was questioned without representation in the June 5, 2015 investigatory interview conducted by OSI. PFR File, Tab 1 at 5. The evidence in the record establishes that days before the interview took place OSI sent the appellant written notice of her right to have representation present. IAF, Tab 9 at 5-6, 8. The appellant then signed this written notice on the day of the interview. IAF, Tab 11 at 6. As such, we see no merit to the appellant's argument in this regard.

¶10    The appellant's allegations on review that her civil rights were violated when she was arrested and incarcerated are not relevant to the issues before the Board. PFR File, Tab 1 at 5. As outlined above, the agency did not take action against the appellant based on her arrest and incarceration. IAF, Tab 9 at 14-16.

¶11    The appellant mentions on review that this "situation stems from my health conditions." PFR File, Tab 1 at 5. However, she does not expound on how this is relevant to any of the conclusions in the initial decision. Lastly, many of the

appellant's other contentions on review are mere re-argument of the issues and findings of fact as determined by the administrative judge.  PFR File, Tab 1 at 3−4, Tab 6 at 1-3.  This is insufficient to warrant the granting of her petition for review.  *See Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991) (holding that mere re-argument of the same issues heard and decided by the administrative judge, with nothing more, does not constitute a basis to grant a petition for review), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

¶12        Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              /s/ for
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.